I must respectfully dissent.
The main opinion, relying upon § 27-14-24, Ala. Code 1975, holds that an insurer paying the proceeds of a life-insurance policy to a beneficiary whose right to those proceeds is derived from a forged change-of-beneficiary form is discharged from further liability under a life-insurance policy when it makes a payment to such a beneficiary in good faith and without notice. Whether it would be sound public policy for the legislature to protect an insurer under these circumstances is a question not before us. The only question before us is whether § 27-14-24, as written, affords an insurer such protection.
Section 27-14-24 provides as follows:
 "Whenever the proceeds of, or payments under, a life or disability insurance policy or annuity contract, heretofore or hereafter issued, become payable in accordance with the terms of such policy or contract, or the exercise of any right or privilege thereunder, and the insurer makes payment thereof in accordance with the terms of the policy or contract
or in accordance with any written assignment thereof, the person then designated in the policy or contract, or by such assignment, as being entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefor; and such payments shall fully discharge the insurer from all claims under the policy or contract, unless, before payment is made, the insurer has received at its home office written notice by, or on behalf of, some other person that such other person claims to be entitled to such payment or some interest in the policy or contract."
(Emphasis added.)
The terms of the policy here provide as follows:
 "CHANGE OF BENEFICIARY: The beneficiary designation contained in *Page 991 
the application will remain in effect until changed. The Owner may change the beneficiary any time during your lifetime. A satisfactory written notice must be filed at the home office. The change would take effect only upon being recorded by [Fortis]."
(Emphasis added.) The policy therefore quite plainly provides that only the owner can change the beneficiary designation. For purposes of this appeal we have assumed that the owner — Jay Pinkley — never changed the designation of the beneficiary and that the change-of-beneficiary form was a forgery.
The main opinion treats § 27-14-24 as sufficient to protect the insurer, notwithstanding that for purposes of this appeal we have assumed that the change-of-beneficiary form was completed in a manner inconsistent with the terms of the policy. The main opinion dismisses the phraseology in § 27-14-24 ("Whenever the proceeds of, or payments under, a life or disability insurance policy or annuity contract, heretofore or hereafter issued, become payable in accordance with the terms of such policy orcontract. . . .") by concluding that "`whenever' an event triggers the insurer's duty to pay and payment is made to `the person' whose name appears on the face of the policy or anychange to the policy in regular form as the proper beneficiary, payment has been made `in accordance with the terms of [the] policy.'" 926 So.2d at 989. I respectfully submit that such a construction of § 27-14-24 would be appropriate only in the event that section read as follows:
 "Whenever the proceeds of, or payments under, a life or disability insurance policy or annuity contract, heretofore or hereafter issued, appear to have
become payable in accordance with the terms of such policy or contract, or the exercise of any right or privilege thereunder, and the insurer makes payment thereof in apparent accordance with the terms of the policy or contract or in apparent accordance with any written assignment thereof, the person then designated in the policy or contract, or by such assignment, as being apparently entitled thereto shall be entitled to receive such proceeds or payments and to give full acquittance therefor; and such payments shall fully discharge the insurer from all claims under the policy or contract, unless, before payment is made, the insurer has received at its home office written notice by, or on behalf of, some other person that such other person claims to be entitled to such payment or some interest in the policy or contract."
(Changed language emphasized.)
Section 27-14-24, as written, contemplates that under certain circumstances benefits might be paid to someone with a claim to those benefits inferior to the claim of another. The statute protects an insurer under certain circumstances when it makes such a payment without having received notice of a claim by a person other than the named beneficiary. As written, § 27-14-24
is broad enough to protect an insurer when it receives a change-of-beneficiary form executed by the insured, makes payment pursuant to the form, and it is later determined that the owner of the policy was incompetent at the time he or she executed the form. I consider that circumstance to be distinguishable from the one presented here. Although in such a scenario the owner of the policy was incompetent, the signature on the form is that of the owner, and it cannot be said that the change-of-beneficiary form was executed in a manner inconsistent with the literal terms of the policy because the owner's signature is all the terms of the policy required. Suppose the policy provided, "The Owner may change the beneficiary at any time during your lifetime so long as you are at that timementally competent." *Page 992 
(Emphasis added.) Because § 27-14-24 requires that the payment must be "in accordance with the terms of [the] policy" I submit that an insurer making payment without verification of mental competency would not be entitled to protection.
Nevertheless, as written, § 27-14-24 is simply not broad enough to protect the insurer under the circumstances here presented, where noncompliance with the literal terms of the policy is undisputed and compliance with the terms, merely apparent to the insurer at the time of payment, was not real. I must therefore respectfully dissent.